IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GREG P. GIVENS,

     Plaintiff,

v.                                        Civil Action No. 5:12CV155
                                                        (STAMP)
SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON, COUNTY OHIO,
WEST VIRGINIA, HONORABLE JAMES P.
MAZZONE, HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
TONI VANCAMP, *THE STATE JOURNAL*
and SUSAN HAMRICK
individually and collectively,

     Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATIONS OF MAGISTRATE JUDGE
AND IMPOSING FILING RESTRICTIONS**


I.  Procedural History

On October 12, 2012,[1] the pro se[2] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive him of fair access to the courts.  The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the

---

[1] The magistrate judge's report and recommendation states that the plaintiff filed this case on October 4, 2012.  However, the docket report indicates that the complaint was filed on October 12, 2013.  As the exact filing date of this civil action is not essential to this Court's rulings, it is unnecessary to resolve this discrepancy.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation. The plaintiff then filed a number of motions, including a motion for reconsideration of the order of reference (ECF No. 9), and a motion to disqualify both Magistrate Judge Seibert and the undersigned judge from hearing this case (ECF No. 8). The magistrate judge denied the plaintiff's motion to disqualify him from hearing the case, and granted the plaintiff's motion to proceed without prepayment of fees.

Thereafter, the defendants all filed motions to dismiss,[3] and defendants Kenneth W. Blake, Stephen M. Fowler, Keith C. Gamble, James P. Mazzone, Arthur M. Recht, Ronald E. Wilson, and Julie L. Kreefer filed motions for the imposition of filing restrictions against the plaintiff (ECF Nos. 35 and 37).[4] Following the full briefing of all of the defendants' motions, Magistrate Judge Seibert issued a report and recommendation recommending that this

---

[3]Defendants Blake, Fowler, and Gamble filed a joint motion to dismiss (ECF No. 20). Defendants Mazzone, Recht, Wilson, and Kreefer also filed a joint motion to dismiss (ECF No. 24), defendants Robinson, and Zimmerman filed a joint motion to dismiss (ECF No. 22), and defendants Furbee and VanCamp filed a joint motion to dismiss (ECF No. 28). Defendants Smith, *The State Journal*, the County of Ohio, West Virginia, and Hamrick each filed individual motions to dismiss (ECF Nos. 26, 17, 30 and 32).

[4]All defendants have now joined in these motions.

Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman. He informed the parties of their right to file objections to his report within fourteen days of receiving a copy thereof, and the plaintiff filed timely objections. A number of defendants also filed responses to the plaintiff's objections.

After issuing his report and recommendation on the merits of the plaintiff's claims in this case, the magistrate judge held a motion hearing regarding the pending motions to impose filing restrictions at which plaintiff and counsel for all defendants were present and given the opportunity to present their positions on the motions to impose filing restrictions. Thereafter, the magistrate judge entered a report and recommendation recommending that this Court grant the motions to impose filing restrictions on this plaintiff. The plaintiff also filed objections to this report and recommendation, as well as a motion asking this Court to hold a hearing which would require defendant Gamble to provide documentation of his costs related to the various civil actions filed by the plaintiff and related plaintiffs[5] in this and other courts. All moving defendants filed responses to the plaintiff's objections to the report and recommendation relating to their

---

[5]The entirety of the situation regarding this plaintiff, related plaintiffs, and a number of the defendants in this case and related cases is set forth in detail below and in the magistrate judge's report and recommendations in this case (ECF Nos. 78 and 111), as well as below in the facts section of this memorandum opinion.

motions to impose filing restrictions, and defendant Gamble responded to the plaintiff's motion requesting an accounting of his costs.

All pending motions, as well as the magistrate judge's two reports, are now fully briefed and ripe for disposition by this Court. For the reasons that follow, this Court denies the plaintiff's motion requesting that this judge recuse himself from this matter, denies the plaintiff's motion for reconsideration of the order of reference, and affirms and adopts both of the magistrate judge's report and recommendations in their entirety. The plaintiff's motion for a hearing is thus also denied as moot.

## II. Facts

The plaintiff in this case has a long relationship with both this Court and the courts of the State of West Virginia. He, his uncle, Dennis Givens, and his mother, Carol Pizzuto, have filed no less than sixteen civil suits in the various courts between 2008 and the present, and have also caused criminal indictments to be entered against defendant Gamble. All of this activity appears to be traceable to an incident in 2008, when the plaintiff was arrested and charged in the Circuit Court of Ohio County with fraudulently cashing a Social Security check sent to his grandfather after the proper recipient of that check had died. The plaintiff allegedly cashed this check at Main Street Bank. The charges in this case were eventually dropped because it was determined that plaintiff was not competent to stand trial or to

assist in his own defense, and that it was unlikely that he would ever become competent.[6]

Following the dismissal of the charges against the plaintiff, he, Dennis Givens, and Carol Pizzuto began filing analogous civil suits against various people and entities surrounding the case and the allegations therein in this Court, in the Circuit Court of Ohio County, West Virginia, and in the Circuit Court of Monongalia County, West Virginia. Defendant Gamble represented Main Street Bank and its involved employees in these original lawsuits and, following the dismissal of the initial lawsuits on the merits, the plaintiff, Dennis Givens, and Carol Pizzuto began to sue defendant Gamble and his law firm for actions relating to the dismissed cases. These civil cases were also dismissed on the merits and, following these dismissals, the plaintiff, Dennis Givens, and Carol Pizzuto appeared before an Ohio County grand jury, where indictments were obtained against defendant Gamble for allegedly forging a proposed order and forging a certified return receipt postcard in one of the previously dismissed civil cases.[7]

---

[6]The facts surrounding the criminal case are recounted at length in Givens v. Main St. Bank, No. 5:08CV25, 2010 U.S. Dist. LEXIS 74106 (N.D. W. Va. July 22, 2010).

[7]Prior to appearing before the grand jury and obtaining a citizen indictment, the plaintiff and his family members asked defendant Smith, prosecutor of Ohio County, to bring charges against defendant Gamble. Defendant Smith declined to do so, prompting the Givens and Ms. Pizzuto to make a citizen appearance before the grand jury, an action allowed by the State of West Virginia. See State ex rel Miller v. Smith, 285 S.E.2d 500 (W. Va. 1981).

The Ohio County Prosecutor's Office appointed defendant Furbee as special prosecutor for the citizen indictments obtained against defendant Gamble, and the cases were assigned to defendant Judge Mazzone. After an investigation into the allegations contained in the indictments, defendant Furbee recommended dismissal of the indictments, and Judge Mazzone issued an order following that recommendation. Following the dismissal of these indictments, two of the defendant judges denied the plaintiff, Dennis Givens, and Carol Pizzuto's requests to appear before the grand jury again. As a result of all of the above litigation in the Ohio County courts, defendant Judge Recht entered an order granting filing restrictions against the plaintiff, Dennis Givens, and Carol Pizzuto in that court. The plaintiff then filed suit in this Court against all parties involved in the citizen indictment against defendant Gamble, including Robert G. McCoid, counsel for defendant Gamble in the criminal actions brought against him by the Givens and Ms. Pizzuto, and every news outlet that reported on the cases. This case was also dismissed on the merits, and the plaintiff's appeal remains pending.

The plaintiff then filed this civil action, along with analogous civil actions filed by Dennis Givens and Carol Pizzuto.[8]

---

[8]This Court notes that the plaintiff, Dennis Givens, and Carol Pizzuto also filed another case in this Court following the filing of this case. See Pizzuto v. Mazzone, Civil Action No. 5:13CV67. This case was dismissed for lack of subject matter jurisdiction on June 10, 2013 by Chief Judge John Preston Bailey. The appeal of this dismissal also remains pending.

See Civil Action Nos. 5:12CV145 and 5:12CV149. Unfortunately, this complaint, like all complaints and filings that have been presented to this Court by the plaintiff, Dennis Givens, and Carol Pizzuto, is exceedingly difficult to follow and to identify the allegations set forth. However, after review of the report and recommendation, the complaint, and the filings by all parties, it seems that the plaintiff claims that his civil rights were denied by defendants in their various roles connected to the citizen indictments obtained against defendant Gamble, his later attempts to appear before the Ohio County grand jury, and with regard to the many civil suits filed by the Givens and Ms. Pizzuto over the past five years.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The plaintiff has filed objections and this Court will review the portions of the magistrate judge's report and recommendations with which these objections take issue de novo. All portions of the report and recommendations to which the plaintiff has not objected are reviewed for clear error.

IV.  Discussion

A.  Plaintiff's motion for recusal and for reconsideration of order of reference

Prior to addressing the magistrate judge's reports, this Court must consider the plaintiff's motion requesting that the undersigned judge recuse himself from hearing this case, and the plaintiff's motion for reconsideration of this Court's order of reference which referred this case to the magistrate judge for review and report and recommendation.

1.  Motion for disqualification

Disqualification of a judge from presiding over a particular case is governed by 28 U.S.C. § 455.  Title 28, United States Code, Section 455 requires that all federal judges recuse themselves from hearing a case when "a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case." Sao Paulo the Fed. Rep. of Braz. v. Am. Tobacco Co, 535 U.S. 229, 232-33 (2002) (emphasis in original).  In his motion for disqualification, the plaintiff argues that the undersigned judge must recuse himself from this case based upon a previous recusal in a case filed by the plaintiff, Givens v. Nutting, et al., Civil Action No. 5:12CV64. This Court acknowledges the undersigned judge's previous recusal in Civil Action No. 5:12CV64.  However, this recusal does not require the undersigned judge to recuse himself from this case.  The recusal in that previous case resulted from the inclusion of

8

certain defendants in that case which are not included in this case. In fact, this Court notes that none of the defendants in that case are defendants to this civil action. Accordingly, finding the plaintiff's argument for recusal to be unpersuasive, and finding no other basis for recusal of the undersigned judge, the plaintiff's motion for disqualification is denied.

2. <u>Motion for reconsideration of order of reference</u>

This Court referred this civil action to Magistrate Judge Seibert for initial review and report and recommendation pursuant to 28 U.S.C. § 1915(e), which requires that this Court dismiss all civil actions filed without prepayment of a filing fee, if at any time it is determined that the plaintiff proceeding without prepayment "fails to state a claim on which relief may be granted." All of the defendants have also filed motions to dismiss. Title 28, United States Code, Section 636 allows this Court, "[n]otwithstanding any provision of law to the contrary" to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . ." Accordingly, this Court has been granted full discretion to refer both the issue of whether the plaintiff has brought a claim for which relief can be granted, and the motions to impose filing restrictions to the magistrate judge for report and recommendation. Finding it

appropriate to have done so in this case, the plaintiff's motion for reconsideration of the order of reference is denied.

B.   Motions to dismiss

The magistrate judge addressed each of the motions to dismiss in turn, and this Court will do the same.

1.   Motion to dismiss by *The State Journal*

Again, as noted above, the plaintiff's allegations against this and all of the defendants to this case are exceedingly vague and difficult to decipher.  However, it seems that the plaintiff alleges that *The State Journal* engaged in a conspiracy with defendant Smith, and perhaps all of the other defendants, under color of state law, to harm the plaintiff, and that *The State Journal* "failed in his [sic] duty of reasonable care and proximate result to disclose true and accurate information about the Plaintiff to others affecting the public regarding the Plaintiff." The magistrate judge recommends that *The State Journal*'s motion to dismiss be granted because these allegations against it fail to satisfy the pleading requirements delineated in Federal Rule of Civil Procedure 8, even taking into account the deferential standard afforded to pro se complaints.  See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).  In support of this recommendation, the magistrate judge asserts that the plaintiff has failed to allege a single fact in support of his conclusory allegations of legal buzzwords and Latin phrases.

10

In objection, the plaintiff argues that the magistrate judge's recommendation "is premature and fails to adequately determine all the facts and the merits and ambiguity of Plaintiff's civil action." The plaintiff also argues that the defendants will not be prejudiced if this Court allows his claims to move forward. Finally, the plaintiff's objections refer to a petition for writ of prohibition, which he has apparently filed with the United States Court of Appeals for the Fourth Circuit, and which restates all of the allegations which are contained in his complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement has been determined by the United States Supreme Court to require that the plaintiff allege more than bare conclusions of liability, but rather to include sufficient factual allegations to raise the possibility of liability "above a speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). Here, the plaintiff's allegations against *The State Journal* are vague and conclusory and fail to make any factual allegations which would make his right to relief against this defendant plausible. This Court is unable to discern what *The State Journal* published that was incorrect, how any allegedly untrue publication injured the plaintiff, or in what way *The State Journal* conspired with defendant Smith or any other defendant to this case. The plaintiff's objections also fail to address the factual

deficiencies of his complaint, and thus, *The State Journal*'s motion to dismiss must be granted.

2. <u>Motion to dismiss by Judges Mazzone, Recht, Wilson, and Kreefer</u>

These defendants, with the exception of defendant Kreefer, are all judges of the Circuit Court of Ohio County. Defendant Kreefer is the court reporter for Judge Wilson. It seems that the plaintiff alleges that these defendants have acted independently, as well as conspired, to deprive the plaintiff of his day in court with regard to all previously filed litigation in this Court and in the courts of the State of West Virginia. He also alleges that defendant Kreefer deprived him of access to the courts by creating an inaccurate record in one of the previous cases filed by the plaintiff.

From what this Court can gather from the available record, these defendants were involved in the previous litigation of the Givens and Ms. Pizzuto only in that they were assigned to the various cases filed by the plaintiff, Dennis Givens, and Carol Pizzuto. Judge Mazzone was the judge who dismissed the citizen indictments against defendant Gamble, and Judges Recht and Wilson both denied the Givens and Ms. Pizzuto another opportunity to appear before a grand jury following that dismissal. Judges Recht and Wilson also dismissed the civil cases filed by the Givens and Ms. Pizzuto in the Circuit Court of Ohio County. Judge Recht was the judge who issued filing restrictions in Ohio County against the

plaintiff, Dennis Givens and Carol Pizzuto. Ms. Kreefer, a court reporter, transcribed certain proceedings before Judge Wilson.

a. <u>The judge defendants</u>

The plaintiff's allegations against the judge defendants are largely contained in Count Six of the complaint, and are recited in detail in the magistrate judge's report and recommendation recommending that this Court grant the judge defendants' motion to dismiss. <u>See</u> ECF No. 78 *6-7. The magistrate judge found that the plaintiff failed to allege a claim upon which relief can be granted against any of the judge defendants on two bases. First, the magistrate judge concluded that the plaintiff's allegations against each of these defendants fail to meet the pleading requirements of Rule 8, even taking into account the deferential standard afforded to <u>pro se</u> complaints. <u>See</u> <u>Gordon</u>, 574 F.2d at 1153.

Second, the magistrate judge concluded that, even if the plaintiff had alleged sufficient factual basis for his claims to state a claim pursuant to Rule 8, the judge defendants are entirely immune from suit for all actions taken from the bench. Because all allegations against these defendants allege that the judges have deprived the plaintiff of his constitutional rights solely through judicial action, the judge defendants are thus shielded from liability in this case. The objections filed by the plaintiff are non-specific, and thus mirror those made to the magistrate judge's findings as to *The State Journal*.

Also as with the allegations against *The State Journal*, the plaintiff's allegations against the judge defendants are vague and conclusory and fail to make any factual allegations which would make his right to relief against these defendants plausible. Further, as the magistrate judge explains, even if facts had been alleged to support the plaintiff's conclusory allegations, under no set of facts could these defendants be found to be liable for their actions related to the plaintiff's previous litigation in the Circuit Court of Ohio County.

It is well established that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. 335, 347 (1872). These defendants' actions consist of dismissing the plaintiff's previous cases, denying him access to the grand jury, and imposing filing restrictions against him. The plaintiff's complaint has presented no allegations to suggest that any of the judge defendants here are accused of depriving the plaintiff of his rights in any capacity beyond their judicial positions and actions. Further, the plaintiff's objections to the magistrate judge's report and recommendation fail entirely to recognize the existence of judicial immunity and its application to this case, and also fail to present any argument which would suggest that this immunity would not apply in this case. Accordingly, this Court agrees with the magistrate

judge that the allegations against the judge defendants must be dismissed in their entirety.

       b.    <u>Defendant Kreefer</u>

The magistrate judge also recommends that this Court grant the motion to dismiss as it pertains to defendant Kreefer. This Court assumes, as did the magistrate judge, that the plaintiff accuses defendant Kreefer of falsifying a transcript on the dates stated in the complaint, June 13, 2011 and February 13, 2012. Defendant Kreefer acknowledges that on June 13, 2011 and February 13, 2012, transcripts from scheduling conferences were produced in cases filed by the Givens and Carol Pizzuto. However, this allegation also fails to state a claim, because there is no indication of what the falsification of the record could have been nor any allegation of injury to the plaintiff by this alleged falsity. Accordingly, this Court will grant the motion to dismiss as to defendant Kreefer as well.

       3.    <u>Motion to dismiss by Officers Robinson and Zimmerman</u>

With regard to defendant Officers Robinson and Zimmerman's joint motion to dismiss, the magistrate judge recommends that this Court grant the motion, in part, and deny it, in part, thus dismissing defendant Robinson, but allowing the plaintiff to engage in discovery with defendant Zimmerman. Similar to the allegations made against the judge defendants, the allegations made against defendants Robinson and Zimmerman are generally conclusory and set forth no facts to support any possibility of liability. Against

15

these defendants, the plaintiff simply alleges that crimes have occurred under the "watch and jurisdiction" of the officer defendants, and that the officers denied the "Plaintiff Federally [sic] protected right." This Court agrees with the magistrate judge that the plaintiff has failed to allege a single fact to support liability against Officer Robinson, but rather simply offers conclusory allegations of an equal protection violation without any explanation. Accordingly, all allegations against Officer Robinson must be dismissed.[9]

However, giving the plaintiff's complaint the required deference afforded to a <u>pro se</u> litigant, the magistrate judge found that a single arguable factual allegation has been made against Officer Zimmerman. Count Six of the plaintiff's complaint alleges that Officer Zimmerman engaged in a conspiracy with defendant Gamble to leak "internal investigative forensic reports supplied in confidence to the West Virginia State police officer Weaver, to foster favor and provide advantage to eventual criminally indicted to affect the course of justice in favor of Defendant Keith C. Gamble . . ."[10] The magistrate judge recommends that THIS CLAIM ONLY be permitted to move forward because, while vague, it does

---

[9]Again, the plaintiff's objections to the magistrate judge's recommendations as to these defendants are the same as those to the recommendation that *The State Journal* and the judge defendants be dismissed. Thus, they will not be addressed again.

[10]This Court notes that this is the exact allegation made against Officer Weaver, joined as a defendant to the civil action filed by Dennis Givens (Civil Action No. 5:12CV145), but not joined as a defendant herein.

provide some factual basis for the allegations against defendant Zimmerman in Count Six. This Court agrees, and will thus affirm the magistrate judge on this point.

4. <u>Motions to dismiss by Scott R. Smith, D. Luke Furbee, and Toni VanCamp</u>

The magistrate judge next recommends that this Court grant the motions to dismiss filed by defendants Smith individually, and Furbee and VanCamp jointly. Defendants Smith and Furbee were both prosecuting attorneys who dealt with the criminal allegations that the plaintiff and his family members made against defendant Gamble. Defendant Smith is a prosecuting attorney in Ohio County, West Virginia, and defendant Furbee is a prosecuting attorney in Tyler County who, as noted above, was assigned as a special prosecuting attorney to the citizen indictments obtained against defendant Gamble. Toni VanCamp served under the supervision of defendant Furbee as a victim's advocate.

Again, as to these defendants, the magistrate judge found that no facts had been pled to support the plaintiff's conclusory allegations. Further, the magistrate judge also found that these defendants' motions to dismiss should be granted because, like the judge defendants, these defendants enjoy immunity from suit based upon acts committed in the course of their duties as prosecutors and as staff of a prosecutor of the state. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976); <u>Lyles v. Sparks</u>, 79 F.3d 372 (4th Cir. 1996); <u>and</u> <u>Hill v. City of New York</u>, 45 F.3d 653 (2d Cir. 1995).

Again, as with the allegations against the judge defendants, the plaintiff fails to address the issue of immunity or to allege any facts which would suggest that these defendants are accused of committing wrongdoing in any capacity outside of their official duties as prosecutors and staff of a prosecutor. In addition to asserting no facts to support liability in any capacity against these defendants, this Court can find no evidence to show that the plaintiff has had any dealings with these defendants outside of their handling of the plaintiff's citizen indictments against defendant Gamble. Accordingly, this Court will affirm the magistrate judge in this capacity as well and grant the motions to dismiss filed by defendants Smith, Furbee, and VanCamp.

5. <u>Motion to dismiss by defendants Fowler, Gamble and Blake</u>

The magistrate judge next recommends that this Court grant the motion to dismiss filed by defendants Fowler, Gamble and Blake in its entirety and dismiss all three of these defendants. With the exception of one allegation, which is addressed below, the allegations against these defendants mirror the conclusory and vague allegations against all other defendants noted above and, for the reasons noted above, the magistrate judge finds that these allegations must fail against these defendants as well for lack of factual support. However, the plaintiff also alleges that these defendants denied him access to the courts and violated his due process rights by "acting in concert in an 'intertwined relationship' with other named Defendant(s) to falsify records and

alter forensic evidence falsely prepared against Plaintiff to pervert and obstruct the proper course of justice during the course and events of Plaintiffs [sic] claims."

The magistrate judge found that while these allegations provide some factual basis for the plaintiff's claims, the plaintiff's claimed legal bases for relief does not provide a cause of action against these defendants for this alleged activity. This Court agrees. The plaintiff asserts in his complaint that these defendants have violated his Fourteenth Amendment rights to due process and equal protection, as well as his First Amendment right to free speech. He claims that he seeks redress for these violations pursuant to the Civil Rights Act, 42 U.S.C. §§ 1981-83 and § 1985. This Court will discuss each of these claims in turn.

Title 42, United States Code, Sections 1981 and 1982 provide a vehicle by which individuals may bring civil actions for racial discrimination in their "rights to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of the laws and proceedings for the security of persons and property," and for racial discrimination with regard to property ownership and transfer. As the magistrate judge points out, the plaintiff has offered no allegations of racial discrimination against these or any of the other defendants. Accordingly, the plaintiff has not alleged a violation of 42 U.S.C. §§ 1981 or 1982, and cannot rely upon those statutory sections for relief.

Title 42, United States Code, Section 1983 likewise cannot serve as a vehicle by which the plaintiff may obtain relief against these defendants. Section 1983 provides a private right of action for violations of Constitutional "rights, privileges, or immunities" committed "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ." In order for a constitutional violation to have been committed under color of state law, it must have "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metro Edison Co., 419 U.S. 345, 351 (1974)). In this case, defendants Gamble, Fowler and Blake are all unquestionably private citizens who were operating as such with regard to all previous litigation involving the plaintiff, Dennis Givens and Carol Pizzuto. The plaintiff alleges no facts which could support any inference that these defendants ever acted in such a way which could be considered closely connected to the State. Accordingly, the plaintiff cannot sue these defendants under 42 U.S.C. § 1983.

Finally, 42 U.S.C. § 1985, the Ku Klux Klan Act, similarly does not provide a vehicle by which this plaintiff can hold these defendants liable for the actions alleged. The relevant portion of § 1985 prohibits two or more people from conspiring to deprive another "person or class of persons of the equal protection of the

laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws." While § 1985 allows individuals to file a civil suit for private action in violation of the statute, in order for an action to violate § 1985, "a plaintiff must show, <u>inter alia</u>, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268 (1993) (internal citations omitted). Here, as the magistrate judge notes, the plaintiff fails to allege that any racial or class-based discriminatory animus was the root of the alleged constitutional deprivations alleged. Accordingly, liability against these defendants likewise cannot attach under § 1985.

As with the magistrate judge's findings as to the failings of his complaint against the other defendants, the plaintiff fails to address the factual basis for his claims in any more detail, or to recognize that the vehicles by which he purports to bring this civil action do not afford him a remedy against these defendants. As such, the motion to dismiss of defendants Gamble, Fowler and Blake is granted in its entirety.

6. <u>Motion to dismiss by County of Ohio, West Virginia</u>

The magistrate judge next recommends that this Court dismiss the County of Ohio, West Virginia from this civil action, as it is also immune from liability for the allegations made against it. The only allegation against Ohio County within the plaintiff's complaint is contained in a single paragraph, which asserts that the County is negligent in its hiring practices, and has failed to supervise its agents. However, again, this conclusory allegation fails to meet the pleading requirements of Rule 8, and even if it did, this Court agrees with the magistrate judge in his conclusion that the County would be immune from liability for any negligent hiring and/or supervision alleged. West Virginia Code § 29-12A-5 provides that a "political subdivision is immune from liability if a loss or claim results from . . . [j]udicial, quasi-judicial, or prosecutorial functions." As the entirety of the discernible allegations made in the plaintiff's complaint against employees of Ohio County, West Virginia are those of wrongdoing related to the judicial and prosecutorial action, the County is thus immune from suit in this case.

7. <u>Motion to dismiss by Susan Hamrick</u>

Finally, it is clear that defendant Hamrick's motion to dismiss must also be granted. Ms. Hamrick is a claims representative for Travelers Insurance. The plaintiff alleges that this defendant conspired with all of the other defendants to deprive the plaintiff of his rights. Again, not a single fact has

been alleged to support these conclusory allegations, and the Rule 8 standards are thus not met. Accordingly, defendant Hamrick must be dismissed.

C.    Motions to impose filing restrictions

The second report and recommendation entered by the magistrate judge recommends that this Court grant the filing restrictions requested in the two motions filed by defendants Gamble, Fowler and Blake, and defendant judges Mazzone, Recht, and Wilson.[11] The plaintiff has also objected to this recommendation, and thus this Court will review the magistrate judge's findings and recommendations de novo. In their motions for the imposition of filing restrictions, the defendants argue that the plaintiff, Dennis Givens, and Carol Pizzuto have continuously required them to respond to and defend themselves against repetitious litigation since 2008. They assert that all of this litigation is vexatious and has related to the same or similar issues.

Federal courts derive their authority to impose filing restrictions against vexatious and repetitive litigants from the All Writs Act, 28 U.S.C. § 1651(a). However, pre-filing injunctions are severe remedies, and "must be used sparingly" as they must be weighed against litigants' constitutional rights of due process of law and access to the courts. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Prior to imposing

---

[11]As noted above, all defendants have since joined in these two motions.

any pre-filing restrictions, the court must give the litigant notice and an opportunity to be heard, and pro se litigants must be given special consideration prior to the imposition of any such restrictions. Id. at 818-19. In determining whether a pre-filing injunction is appropriate, the Court must consider the totality of the circumstances with special consideration given to the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filing; and (4) the adequacy of alternative sanctions.

Id. at 818.

Following the filing of the motions for filing restrictions, the magistrate judge notified the plaintiff of the motions and held an evidentiary hearing on the motions, allowing the plaintiff, Dennis Givens, and Carol Pizzuto to present evidence and argument on their own behalf in opposition to the imposition of such restrictions. At the hearing, the defendants also presented testimony and exhibits relating to the repetitive and vexatious nature of the previous and current litigation, as well as the burden that this litigation has placed upon them. The magistrate judge then considered all of the circumstances surrounding this case and the previous litigation, considered the factors delineated in Cromer, and concluded that filing restrictions were appropriate.

This Court agrees and will thus affirm the magistrate judge's report and recommendation.

As summarized above, since the criminal charges against the plaintiff were dismissed in 2008, the plaintiff, Dennis Givens and Carol Pizzuto have filed a total of at least ten lawsuits in the Circuit Court of Ohio County, two lawsuits in the Circuit Court of Monongalia County, and seven cases in this Court. The Givens and Ms. Pizzuto have also sought redress in the United States Court of Appeals for the Fourth Circuit. All of these suits have dealt in some respect with the charges against the plaintiff, and the lawsuits and citizen indictments filed by the Givens and Ms. Pizzuto as a result thereof. The actual number, nature and dispositions of each suit brought by the plaintiff, Dennis Givens, and Carol Pizzuto is discussed at length by the magistrate judge in his report and recommendation recommending that filing restrictions be entered against this plaintiff. This recitation is incorporated by reference and will not be reiterated herein. However, this Court has fully considered each of these cases in addition to the totality of the litigation history involving these defendants, this plaintiff, Dennis Givens and Carol Pizzuto.

While the exact defendants and allegations made in each of the many cases filed by the Givens and Ms. Pizzuto in this Court and in the courts of the State of West Virginia vary slightly from case to case, it is clear that, as the magistrate judge found, all of the lawsuits have snowballed from the initial criminal charges filed

against the plaintiff in 2008. All of the named defendants and the allegations made against each of them have had some connection either to these original charges, or to one of the cases filed by the Givens and Ms. Pizzuto as a result of those charges. Further, every single one of these cases has been found to lack merit by courts and judges both within and outside of Ohio County, West Virginia. Accordingly, it is clear that these cases can only be characterized as vexatious, and intended to harass. Further, especially with regard to the latest and continuing civil actions, it cannot be said that the plaintiff, Dennis Givens, or Carol Pizzuto had a good faith basis for pursuing the allegations, which had consistently been rejected by a number of courts over the past five years.

With regard to these issues, the plaintiff argues in his objections that the lawsuits that he, Dennis Givens, and Carol Pizzuto have filed over the last five years are not identical or duplicative. This Court agrees with the plaintiff that not all of the suits filed have been identical to previously filed and dismissed cases. However, as noted above, it is clear that all of the litigation raises substantially the same allegations, and has a single common derivation point in the criminal charges filed against the plaintiff in 2008. Accordingly, while the plaintiff's litigation has not been technically identical, this Court nonetheless finds it to be substantially similar and duplicative.

Next, the magistrate judge found, and this Court agrees, that the burden on the defendants and the Court has been sufficiently severe to warrant pre-filing restrictions against this plaintiff. Defendant Gamble testified at the magistrate judge's evidentiary hearing that he and his law firm have spent more than $192,000.00 defending Main Street Bank only against these lawsuits. Defendant Gamble further testified that this number did not even include the costs to him in defending himself against the continuous litigation filed against him by the plaintiff, Dennis Givens, and Carol Pizzuto. The plaintiff argues that the burden on the defendants has been exaggerated, and that defendant Gamble has not presented any evidence to support his testimony regarding the amount spent in defending Main Street Bank. The plaintiff also asks this Court to hold a hearing and require defendant Gamble to present evidence in this regard.

This Court need not address the support either provided or not provided by defendant Gamble for his claimed expenditures related to the defense of Main Street Bank. Considering generally the number of lawsuits filed by this plaintiff, Dennis Givens, and Carol Pizzuto, and the number of times that the defendants have had to defend themselves against the same, and considering the significant judicial resources that have been expended in continually addressing these numerous cases over the years, this Court finds that the burden that has been placed on all involved as a result of the plaintiff's relevant litigation is sufficient to

warrant pre-filing restrictions against this plaintiff. This conclusion is reached without regard to the actual amount spent by defendant Gamble in defending Main Street Bank. Accordingly, the plaintiff's objections are overruled, and his motion for a hearing to require defendant Gamble to produce evidence of the amount actually spent in the defense of Main Street Bank is denied.

The plaintiff also argues that the defendants have not been candid with the Court regarding the circumstances of past litigation between these parties.[12] However, the plaintiff does not offer any facts or evidence regarding any specific arguments made by the defendants which were less than candid. Further, the magistrate judge and this Court have both considered the objective record of litigation filed by the plaintiff, Dennis Givens and Carol Pizzuto since 2008, and have not taken the defendants' arguments at face value without consideration of other sources. As such, the plaintiff's objections regarding the veracity of the defendants' assertions regarding the litigation past of this plaintiff, Dennis Givens, and Carol Pizzuto, are also overruled.

Finally, the magistrate judge concluded that no alternative sanctions would be adequate. This Court agrees because the plaintiff, Dennis Givens, and Carol Pizzuto have consistently shown

---

[12]The plaintiff also reiterates arguments regarding the merits of his claims, and again argues that he has never received proper access to the Courts. Because the merits of these arguments have been considered in full above, this Court will not endeavor to consider them a second time in relation to the defendants' motions to impose filing restrictions.

that they have no intention to discontinue their duplicitous litigation. Over the past five years, these plaintiffs have sued nearly every person and entity with which they have come in contact in any manner connected to their previously filed litigation or the criminal charges filed against the plaintiff, and have done so in no less than four different courts, under a myriad of different theories. Each of these cases have been found to be without merit, yet the plaintiff, Dennis Givens, and Carol Pizzuto continue to file new cases without so much as a brief hiatus. Accordingly, it seems that nothing short of pre-filing restrictions will deter the plaintiff from filing further vexatious litigation in this Court. As a result, this Court finds that narrowly tailored pre-filing injunctions are appropriate, and indeed necessary, as against this plaintiff. The plaintiff is thus enjoined from filing a civil action in this Court that is in any way related to any party's involvement in his prior lawsuits without first obtaining leave of court.

## V. Conclusion

For the reasons described above, the report and recommendations of the magistrate judge (ECF Nos. 78 and 111) are AFFIRMED and ADOPTED in their entirety. Accordingly, the plaintiff's motion for disqualification of the undersigned judge (ECF No. 8) is DENIED. The plaintiff's motion for reconsideration of the order of reference referring this case to Magistrate Judge Seibert (ECF No. 9) is also DENIED. The motion to dismiss filed by

*The State Journal* (ECF No. 17) is GRANTED.  The motion to dismiss filed by defendants Kenneth W. Blake, Stephen M. Fowler, and Keith C. Gamble(ECF No. 20) is GRANTED.  The motion to dismiss filed by defendants D.L. Robinson and S.A. Zimmerman (ECF No. 22) is GRANTED IN PART as to defendant Robinson and DENIED IN PART as to defendant Zimmerman.  The motion to dismiss filed by defendants Julie L. Kreefer, James P. Mazzone, Arthur M. Recht, and Ronald E. Wilson (ECF No. 24) is GRANTED.  The motion to dismiss filed by Scott R. Smith (ECF No. 26) is GRANTED.  The motion to dismiss filed by D. Luke Furbee and Toni VanCamp (ECF No. 28) is GRANTED, the motion to dismiss filed by defendant County of Ohio, West Virginia (ECF No. 30) is GRANTED, and the motion to dismiss by Susan Hamrick (ECF No. 32) is GRANTED.

The motions to impose filing restrictions against the plaintiff (ECF Nos. 35 and 37) are GRANTED.  Accordingly, the plaintiff is hereby ENJOINED from filing any further civil actions in this Court which are related to any party's involvement in his prior lawsuits WITHOUT OBTAINING LEAVE OF COURT.  The plaintiff's motion requesting that this Court hold a hearing to require defendant Gamble to present evidence of his expenditures related to his defense of Main Street Bank (ECF No. 114) is DENIED AS MOOT.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

DATED:    July 1, 2013


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE