IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

       Plaintiff,

v.                                      Civil Action No. 5:12-cv-155

SCOTT R. SMITH, et al.,

       Defendants.

## ORDER ON PENDING MOTIONS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO AMEND COMPLAINT BE DENIED

### *I. INTRODUCTION*

A complete history of this case is detailed in the Memorandum Opinion and Order issued by Judge Stamp on July 1, 2013.[1] As a result of that Order, all but one of the fifteen original Defendants were dismissed from the case. Only Defendant Zimmerman remains as a Defendant. The parties entered their Joint Rule 26(f) Conference Report on September 6, 2013. Defendant filed his Rule 26(a) disclosures on September 20, 2013, and Plaintiff filed his disclosures on September 23, 2013. On October 21, 2013, Judge Stamp entered a scheduling order in this case setting a discovery deadline of April 8, 2014.[2] Currently, there are several motions pending before the Court. First, on January 31, 2014, Plaintiff filed a Motion to Amend Complaint,[3] and Defendant filed a Response in Opposition on February 14, 2014.[4] On February 7, 2014, Plaintiff filed a Notice to Retain Expert

---

[1] Dkt. No. 120.

[2] Dkt. No. 154.

[3] Dkt. No. 162.

[4] Dkt. No. 165.

Witnesses,[5] and Defendant filed a Motion to Strike that motion on March 11, 2014.[6] On February 21, 2014, Defendant filed a Motion to Compel Deposition,[7] and Plaintiff filed a Response in Opposition on March 8, 2014.[8] Finally, Plaintiff filed the following miscellaneous motions: (1) Motion for Oral Hearing to Determine Status[9] on February 28, 2014; (2) Motion for Determination[10] on March 11, 2014; and (3) Motion for Rule 37(c)(1) Hearing[11] on March 12, 2014. The Court will address each motion in turn.

## II. DISCUSSION

### A. *Plaintiff's Motion for Leave to Amend Complaint (Doc. 162)*

In his motion, Plaintiff seeks to file an amended complaint in order to add four West Virginia State police officers as defendants, J.E. Dean ("Dean"), Sergeant Adams ("Adams"), Sergeant Branham ("Branham"), and J.C. Weaver ("Weaver"). Plaintiff contends that leave to amend should be granted because his proposed amended complaint contains a more detailed description of the facts at issue. Additionally, Plaintiff cites to Defendant's Rule 26(a)(1) disclosures and the disclosures filed in companion case 5:12-cv-145 by Defendant Weaver for the proposition that Defendant brought forth additional issues requiring an amended complaint. Plaintiff attached his proposed amended complaint to his motion. Other than the addition of the following new paragraphs, the amended complaint is identical to Plaintiff's original complaint:

---

[5]Dkt. No. 163.

[6]Dkt. No. 175.

[7]Dkt. No. 167.

[8]Dkt. No. 174.

[9]Dkt. No. 171.

[10]Dkt. No. 177.

[11]Dkt. No. 178.

Defendant Dean, Adams, Branham, Weaver denied Plaintiff, or caused Plaintiff to be subjected, unlike any citizen of the United States or other person within the jurisdiction thereof to the deprivation the Plaintiff of the rights, privileges, or immunities secured by the Constitution and laws of the United States in the reporting of crimes. And so, has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law by such actions name in Counts I through IX, contained herein.

Acting under "color of law" and agent for a governmental agency that receives state and federal funds, Defendant Dean, Adams, Branham is mandated to comply with federal and state laws, including due process and the First through Fourteenth Amendments to the United States Constitution.

According to Defendant Dean, Adams, Branham, Weaver law enforcement Procedural Operations Guidelines, Amendment rights require that Defendant Dean, Adams, Branham not interfere with due process and the equal protection of law, and because of that, Defendant Dean, Adams, Branham is required to provide equal access to the reporting, law enforcement of crimes. Consequently, as a matter of official policy, practice, custom, and/or procedure, Defendant Dean, Adams, Branham, Weaver has intentionally dedicated his expressive conduct by breach of duty to the laws, statutes and ordinances affective to the civil and constitutional rights to be free from molestation of the reporting of all crimes and misdemeanors affecting the Plaintiff, namely color of federal and state laws, without bias, favoritism, or conflict of interest.

At all times and dates contained herein, Defendant Dean, Adams, Branham, Weaver, have permitted the public reporting of crimes without bias to others not affiliated with the Plaintiff, and on the days and times of Counts I through IX of Plaintiff's complaint herein.

During the times and dates cited herein, Defendant Dean, Adams, Branham, Weaver have denied the Plaintiff, and targeted the Plaintiff, as well as his expert(s), that have reason to believe that the added Parties are PART AND PARCEL of the allegations herein, and complicate with the remain [sic] parties to this suit, and contained within the Plaintiff's AMENDED COMPLAINT.

Defendant Dean, Adams, Branham, Weaver have denied Plaintiffs' access to a public forum to express their civil and constitutionally-protected views, and denial of victims rights under color of law, and biased the content of a clear and proper criminal investigation

> expressed by Plaintiff, and extreme restriction on Plaintiff, that at all times named herein, placing Plaintiff in great harm, and risk of further injuries, loss of companionship, all physical and emotional strain and damage.[12]

Defendant argues that Plaintiff's proposed amendment is futile because it fails to state a claim upon which relief can be granted as to the new defendants and because, as to Defendant Zimmerman, it adds nothing new to the allegations against him. Additionally, Defendant contends that the proposed amendment "is a bad faith attempt to renew claims against Defendants that have already been dismissed."

Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root,*

---

[12]The Court notes that on the same day Plaintiff filed his motion to amend, Plaintiff Dennis Givens also filed a motion to amend in companion case 5:12-cv-145 seeking to add D.L. Robinson and Sergeant Branham as parties to his original complaint. Other than containing the names Robinson and Branham, rather than Dean, Adams, Branham, and Weaver, the new paragraphs set forth in Dennis Givens's proposed amended complaint are *identical in every respect* to the new paragraphs set forth in Greg Givens's proposed amended complaint. See 5:12-cv-145, Dkt. No. 145-1, p. 7–8. In the same vein, Plaintiff Carol Pizzuto also filed a motion to amend on January 31, 2014, in companion case 5:12-cv-149, seeking to add new parties Dean and Adams. Again, other than different names, Carol Pizzuto's proposed amendment is *identical in every respect* to the proposed amendments of Greg and Dennis Givens. *See* 5:12-cv-149, Dkt. No. 162-1, p. 7-8. It is apparent to the Court that all three Plaintiffs merely drafted these new "allegations" and simply placed the corresponding names into his or her respective "amended" complaint. This clear example of "cut and paste" pleading only helps to bolster the Court's finding, discussed in detail below, that Plaintiff utterly fails to state a claim against the new defendants.

*Inc.*, 525 F.3d 370, 376 (4th Cir.2008)). Thus, a proposed amendment that would clearly be subject to immediate dismissal through a 12(b)(6) motion to dismiss is futile and leave to amend should be denied. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986) (leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face"); *Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999) (amendments subject to "immediate dismissal" for failure to state a claim are futile).

The undersigned agrees that Plaintiff's proposed amendment would be futile because it clearly fails to state a claim, and it would undoubtedly be subject to immediate dismissal under Rule 12(b)(6). *See Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (holding that futility of an amendment is assessed under the standard of Fed.R.Civ.P. 12(b)(6)). For a complaint to avoid dismissal for failure to state a claim upon which relief may be granted, it must include factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Court must accept factual allegations as true, but it need not accept the plaintiff's legal conclusions. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The complaint must have facial plausibility; thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Thus, to meet the plausibility standard and survive dismissal for failure to state a claim, a complaint must offer more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (internal quotation omitted).

Here, Plaintiff's allegations against Dean, Adams, Branham, and Weaver are completely

conclusory and devoid of any factual allegations that would give rise to a claim for relief. In fact, despite his assertions to the contrary, Plaintiff's amendment does not alter in any respect the factual substance of his previously pled causes of action, almost all of which have already been dismissed for failure to state a claim. Plaintiff baldly asserts that the new defendants "denied" and "targeted" him, but offers no factual support for these allegations. Similarly, Plaintiff claims that the new defendants "denied Plaintiffs' access to a public forum to express their civil and constitutionally-protected views," denied his victim's rights, and "biased the content of a clear and proper criminal investigation expressed by Plaintiff." Again, there are no facts set forth to substantiate these vague and poorly-worded claims. Additionally, Plaintiff did not add any of the "new" defendants to a single cause of action in his proposed amended complaint. He merely recites, verbatim, the causes of action from his original complaint and states that these "new" defendants are "part and parcel" of those prior allegations.

Most significantly, however, is Plaintiff's citation to Zimmerman and Weaver's initial disclosure filings as a rationale for amending his complaint.[13] Specifically, Zimmerman listed, *inter alia*, Dean and Adams as persons likely to have discoverable information, and Weaver listed, *inter alia*, Branham and Weaver as persons likely to have discoverable information. It appears to the Court that Plaintiff merely selected from these lists the individuals not yet named in his original complaint. This conclusion is buttressed by the fact that Dennis Givens and Carol Pizzuto also attached initial disclosure filings to their motions for leave to amend as a justification for adding new parties to their complaints. Thus, Dennis Givens only seeks to add Robinson and Branham because he already named Dean, Weaver, and Zimmerman as defendants in 5:12-cv-145. Similarly, Carol

---

[13]In his Motion, Plaintiff argues that an amended complaint is necessary, in part, because of "ISSUES DEFENDANT COUNSEL HAS BROUGHT FORTH FOR FURTHER LITIGATION." Plaintiff then cites to exhibit A, Zimmerman's initial disclosures, and exhibit B, Weaver's initial disclosures in 5:12-cv-145. *See* Dkt. 162, p.6 (formatting in original).

Pizzuto only seeks to add Dean and Adams because she already named Robinson and Zimmerman in 5:12-cv-149 and because Branham and Weaver, although not originally named by Pizzuto, are not listed on Zimmerman's initial disclosures in her case. *See* 5:12-cv-149, Dkt. 166-2. Moreover, it is equally apparent to the Court that each Plaintiff, after selecting his or her "missing" defendants from these lists, merely inserted these "new" defendants into a pre-prepared statement of generic allegations. Under these circumstances, it is impossible for this Court to "draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Accordingly, the Court finds that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521. Plaintiff's proposed amendment is clearly futile because it would be subject to immediate dismissal for failure to state a claim. Thus, Plaintiff's Motion for Leave to Amend (Doc. 162) should be **DENIED**.

*B. Plaintiff's Motion to Retain Experts (Doc. 163)/Defendant's Motion to Strike (Doc. 175)*

On February 7, 2014, Plaintiff filed a Motion and Notice to Retain Experts seeking "leave to retain experts." Attached to this motion is a list of eighteen "potential persons expected/called for expert testimony as expert witnesses," including numerous police and security experts and forensic document examiners. The only information provided about each expert is the expert's name and a brief description of services provided by the expert. Citing the Federal Rules of Civil Procedure and this Court's Scheduling Order, Plaintiff moves the Court to grant him leave to retain these experts. On March 11, 2014, Defendant filed a Motion to Strike Plaintiff's Motion to Retain Experts. Defendant argues that Plaintiff's motion should be construed as Expert Witness Disclosures. Defendant also contends that Plaintiff's disclosures "completely fail to comply with Rule 26(a)(2) of the Federal Rules.

To the extent Plaintiff's motion is seeking leave of Court to retain expert witnesses, the

Motion is **DENIED**. Plaintiff is free to retain any expert witness he chooses as long as he complies with the procedural requirements of the local and Federal Rules. No leave of Court is required. To the extent Plaintiff's motion is intended to be an expert witness disclosure, the Court agrees that it fails to comply with Federal Rule of Civil Procedure 26, which requires much more information than Plaintiff provided. *See* Fed.R.Civ.P. 26(a)(2). However, the Federal Rules also provide a remedy for such a failure. *See* Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Thus, unless and until Plaintiff attempts to use his expert witnesses to supply evidence, Defendant's Motion to Strike is premature. Accordingly, Defendant's Motion to Strike (Doc. 175) is **DENIED**.

*C. Defendant's Motion to Compel Deposition (Doc. 167)*

On August 23, 2013, Defendant sent a letter to Plaintiff requesting his availability for a deposition during the weeks of October 28th through November 1st and November 4th through November 8th. Plaintiff did not reply to this letter, so Defendant sent another letter on September 19, 2013, again requesting deposition dates. On October 2, 2013, Plaintiff replied to Defendant's letters and stated "in the best interest of all concerned, I would request that the following persons be depositioned first....Keith C. Gamble, Kenneth W. Blake, J.C. Weaver, Julie Kreefer, Toni VanCamp." Defendant responded on October 10, 2013 and rejected Plaintiff's suggestion that other depositions occur before Plaintiff's deposition. Defendant again requested Plaintiff's availability for a deposition. On October 12, 2013, Plaintiff sent a letter to Defendant requesting to depose J.C. Weaver, Zimmerman, J.E. Dean, D.L. Robinson, and WV State Police Cmdr. Rakes. Once again, Plaintiff failed to provide his availability and failed to even acknowledge that Defendant had

requested Plaintiff's deposition first. On October 16, 2013, Defendant responded by letter and stated "I wish to take your deposition first." Defendant advised Plaintiff that if he did not provide deposition dates by October 24, 2013, he would file a motion to compel. On October 17, 2013, Plaintiff sent a letter to Defendant falsely claiming that he had not received a response to his letters requesting depositions and again requesting that Weaver, Zimmerman, Dean, Robinson, and Rakes be deposed first. On October 21, 2013, Plaintiff sent a letter to Defendant stating that "we have agreed to the dates that Mr. Weaver would attend his deposition to the same day as our deposition." Plaintiff again did not acknowledge Defendant's request for dates.

On October 28, 2013, Defendant responded to Plaintiff and requested a meet and confer by telephone to discuss the issues the parties were having regarding scheduling depositions. Finally, on November 8, 2013, Plaintiff provided Defendant with four dates in January on which he was available to be deposed. In that letter, Plaintiff requested Defendant's availability. On November 4, 2013, Defendant's counsel advised Plaintiff that he was unavailable on the four dates provided and asked Plaintiff to provide dates during the last half of January or the first half of February. Additionally, Defendant reiterated that until Plaintiff was deposed, he would be unable to provide dates for his deposition, nor would he know whether the other depositions Plaintiff was requesting would be necessary. Plaintiff did not provide alternative dates, so Defendant sent Plaintiff a letter on December 5, 2013 again requesting dates. Plaintiff did not respond. Defendant sent another letter on January 29, 2014 and advised Plaintiff that he would file a motion to compel if he did not receive dates by February 7, 2014. On February 6, 2014, Plaintiff responded by letter and advised Defendant that "I will be forwarding additional dates/times for availability for my Deposition soon, or by the end of next week, February 14, 2014." On February 13, 2014, Plaintiff requested a meeting with Defendant's counsel in order to discuss "our mutual parties' dates/times of availability for

Deposition."

On February 21, 2014, Defendant filed a Motion to Compel Deposition seeking to take Plaintiff's deposition prior to other depositions in this case. In Response, Plaintiff claims that he has been requesting Defendant's availability since August of 2013. Plaintiff contends that he requested Defendant's availability by letter on October 12, 2013, but that he got no response from Defendant. Plaintiff also broadly states that he has sent multiple letters to Defendant's counsel which have all been ignored. As an initial matter, Plaintiff's account of events leading up to Defendant's motion to compel is misleading. It is abundantly clear from the record that Defendant has been requesting Plaintiff's deposition since August. Moreover, it is not true that Defendant's counsel ignored Plaintiff's letters, as Plaintiff states in his Response. Without exception, Defendant's counsel has promptly responded to every one of Plaintiff's letters, each time explaining that he wishes to take Plaintiff's deposition first and requesting dates of availability. Thus, the issue before the Court is how to resolve the impasse in which the parties find themselves.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed.R.Civ.P. 30(b)(1). If a party served with notice of a deposition objects to the sequence or timing of the deposition, and the dispute cannot be resolved through good faith conferral as required by the Rules, then the party may move for a protective order pursuant to Rule 26(c). However, unless such a protective order is requested, a party who fails to attend a properly noticed deposition is subject to a motion to compel and sanctions under Rule 37.

Here, neither party has served on the other a notice of deposition because the parties cannot reach an agreement as to the proper order of taking depositions in this case. As Defendant points out in his motion, the Court recently faced a similar issue in a companion case filed by Plaintiff Carol

Pizzuto.[14] In that case, the undersigned explained that "one possible solution to the impasse before this Court is to order both parties to serve notice of the depositions they wish to take and then let the chips fall as they may. However, it appears clear from the record that this would only lead to subsequent motions to compel and motions for protective orders...." The same considerations are present in this case, and the Court will settle the matter now. *See Worm v. American Cyanamid Co.*, 5 F.3d 744, 749 (4th Cir.1993) ("It is well established that management of discovery is a matter that is within the discretion of the district court."); *Keller v. Edwards*, 206 F.R.D. 412, 416 (D.Md. 2002) ("Rules 26(b)(2) and 26(c)(1–3) give the court ample authority to resolve issues regarding the sequence and timing of deposition discovery.").

In general, "[t]he rules and the case law provide no sequence for discovery. Any party may choose any sequence it chooses in the absence of a specific prohibition." *Carman v. Bayer Corp.*, 2009 WL 1919049, (N.D. W.Va. July 1, 2009). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n. 13 (2007) ("Rule 26 confers broad discretion to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them."). Under some circumstances, it is appropriate for a Court to exercise this discretion to allow one party to be deposed before other discovery takes place. *See Hill v. Forward Air Solutions, Inc.* 2011 WL 1130868 (W.D. N.C. March 24, 2011); *Edwards,* 206 F.R.D. 412.

Here, there are very compelling reasons for Plaintiff to be deposed first. First, this Court allowed Plaintiff to proceed against Defendant Zimmerman because of the great deference a *pro se*

---

[14]5:12-cv-149, Dkt. No. 151.

litigant is granted in construing a complaint. However, in so ruling, the Court pointed out that "the allegations made against...Zimmerman are generally conclusory" and found that even the "single arguable factual allegation" against Zimmerman was "vague."[15] To further muddy the waters, Plaintiff's initial disclosure named forty-two individuals as potential witnesses in this case.[16] Clearly, allowing Defendant to depose Plaintiff first will narrow the issues and define the scope of allowable discovery in this case going forward. Accordingly, Defendant's Motion to Compel Deposition (Doc. 167) is **GRANTED**. However, with the discovery completion date looming, it is also appropriate to allow Plaintiff to schedule Defendant's deposition. Within seven (7) days of the date of this order, Plaintiff will provide Defendant with three dates between April 7, 2014, and April 18, 2014, on which Plaintiff is available for a deposition. Defendant will promptly notice Plaintiff's deposition. Within seven (7) days of the date of this order, Defendant will provide Plaintiff with three dates between April 21, 2014, and May 2, 2014, on which Defendant is available for a deposition. Plaintiff will promptly notice the deposition.

### D. *Plaintiff's Motion for Oral Hearing to Determine Status (Doc. 171)*

Plaintiff filed a Motion for Oral Hearing to Determine Status on February 28, 2014.[17] In his motion, Plaintiff seeks a court order directing that his deposition not take place until "after other discovery has been presented, to include date(s) and time(s) of availability of Defendant Zimmerman for deposition." However, Plaintiff offers no cogent reasons for his insistence that his deposition occur first, nor does he respond to Defendant's arguments that deposing Plaintiff first will clarify and narrow the issues in dispute. As noted above, the Court finds that Plaintiff should be deposed

---

[15] Dkt. 120, p. 15-16

[16] Dkt. 136.

[17] Dkt. No. 171.

before other depositions are taken. Accordingly, Plaintiff's Motion for Oral Hearing to Determine Status (Doc. 171) is **DENIED**.

*E. Plaintiff's Motion For Determination (Doc. 177)*

On March 11, 2014, Plaintiff filed a motion seeking a determination of whether an attached "Invitation to Counsel for Defendant Zimmerman" meets the standards for good-faith conferral mandated by the Federal and Local Rules of Civil Procedure. Although hard to follow, it appears that Plaintiff is asking this Court to review his "invitation to counsel" because he desires to file a motion to compel Defendant to submit to a deposition, and he wants to know if the invitation fulfills the requirements that he attempt to meet and confer first. Attached to the motion is an elaborate invitation addressed to counsel for Defendant Zimmerman. The Court declines to make such a determination. In the future, Plaintiff is directed to consult case law and rules of procedure when faced with a procedural question. It is inappropriate to ask the Court for assistance in this manner. Accordingly, Plaintiff's Motion for Determination (Doc. 177) is **DENIED**. Moreover, the Court directs Plaintiff to Local Rule of General Procedure 84.04, which provides that "[a]ll persons appearing *pro se* are reminded of and expected to comply with Rule 11 of the Federal Rules of Civil Procedures and are subject to sanctions for a violation thereof." While the Court acknowledges Plaintiff's *pro se* status, frivolous and time-consuming motions will not be tolerated going forward.

*F. Plaintiff's Motion for Hearing (Doc. 178)*

On March 12, 2014, Plaintiff filed a Motion for Hearing. It is unclear from Plaintiff's Motion exactly what relief he is seeking. Plaintiff cites Federal Rule of Civil Procedure 37 and seeks leave to move for an oral hearing in order to "introduce evidence contrary to statement in pleadings, filings, and papers in evidence of Defendant Zimmerman." The Court will construe this Motion as another motion to compel Defendant's deposition. For the reasons stated above, Plaintiff's Motion

for Hearing (Doc. 178) is **DENIED**.

## III. CONCLUSION & RECOMMENDATION

Based on the foregoing:

(1) The undersigned recommends that Plaintiff's Motion for Leave to Amend Complaint (Doc. 162) be **DENIED.**

(2) Plaintiff's Motion to Retain Experts (Doc. 163) is **DENIED**.

(3) Defendant's Motion to Strike (Doc. 175) is **DENIED**.

(4) Defendant's Motion to Compel Deposition (Doc. 167) is **GRANTED**. Within seven (7) days of the date of this order, Plaintiff will provide Defendant with three dates between April 7, 2014, and April 18, 2014, on which Plaintiff is available for a deposition. Within seven (7) days of the date of this order, Defendant will provide Plaintiff with three dates between April 21, 2014, and May 2, 2014, on which Defendant is available for a deposition.

(5) Plaintiff's Motion for Oral Hearing to Determine Status (Doc. 171) is **DENIED**.

(6) Plaintiff's Motion For Determination (Doc. 177) is **DENIED**.

(7) Plaintiff's Motion for Hearing (Doc. 178) is **DENIED**.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se*, certified mail return receipt requested, and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: March 19, 2014                    /s/ James E. Seibert
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE