IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

    Plaintiff,

v.                                                                        Civil Action No. 5:12CV155
                                                                                 (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON, COUNTY OHIO,
WEST VIRGINIA, HONORABLE JAMES P.
MAZZONE, HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
TONI VANCAMP, *THE STATE JOURNAL*
and SUSAN HAMRICK
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATIONS OF MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTION TO AMEND**

I. Procedural History

On October 12, 2012, the pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive him of fair access to the courts. The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss. Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman"). This Court affirmed the magistrate judge's report and recommendations in its entirety, thus, the only remaining defendant in this action is Zimmerman.[2]

The plaintiff then filed a motion to amend the complaint, along with several other motions. In the motion to amend the complaint, the plaintiff seeks to add four West Virginia state police officers as defendants. The plaintiff argues that leave should be granted because his proposed amended complaint contains a more detailed description of the facts at issue. The plaintiff asserts that he is adding these defendants after disclosures were made in this case, and in a corresponding case, <u>Givens v. Smith, et al.</u>, 5:12CV145 (N.D. W. Va.), that named those defendants as persons who may have evidence related to this case.

Zimmerman filed a response to the plaintiff's motion arguing that the proposed amendment is futile because it fails to state a claim upon which relief can be granted and it adds nothing new to the allegations against Zimmerman. Further, Zimmerman asserts that

---

[2]A complete history of this case is detailed in the memorandum opinion and order issued by this Court on July 1, 2013. ECF No. 120.

the amendment has been requested in bad faith in order to renew claims that have already been dismissed.

Magistrate Judge Seibert issued a report and recommendation recommending that this Court deny the plaintiff's motion to amend the complaint. The parties were informed that they had fourteen days within receipt of the recommendation to file written objections with this Court and that failure to do so would waive their right to appeal. Neither party filed objections.

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.[3]

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

The magistrate judge found that the plaintiff's proposed amendment would be futile because it clearly fails to state a claim upon which relief may be granted and would be subject to immediate dismissal. The magistrate judge noted that the plaintiff's claims against the new defendants are conclusory and void of any factual

---

[3]This Court only reviews the magistrate judge's findings as to the plaintiff's motion to amend the complaint because such findings were in the form of a report and recommendation. The magistrate judge's findings as to the other motions that were pending in this case are final without review of this Court as such findings were in the form of a final order and the plaintiff has not filed objections or otherwise contested the findings as to those motions.

3

allegations that would give rise to a claim for relief because the new claims simply recite the other claims in the original complaint. Further, the magistrate judge found that the amendment the plaintiff seeks to add reiterates the same arguments the plaintiff has made against Zimmerman but simply attempts to add the defendants as they were "part and parcel" to Zimmerman's conduct. Further, the magistrate judge found that the amendment does not alter any of the previous claims that have already been dismissed. Finally, the magistrate judge found that the disclosure argument is not supported and cannot carry the plaintiff's motion.

The magistrate judge then went on to note that Carol Pizzuto and Dennis Givens, two plaintiffs in corresponding cases, Pizzuto v. Smith, et al., 5:12CV149 (N.D. W. Va.) and Givens, 5:12CV145, respectively, have filed similar amendments. The only difference between the amendments are the defendants they are attempting to join which is based on whether or not those defendants had already been named in the plaintiffs' original complaints and had already been dismissed by this Court. Thus, the magistrate judge found that it is apparent that the plaintiffs in each of these cases are simply taking a pre-prepared statement of generic allegations and adding the select defendants into the list.

This Court finds that the reasoning and findings of the magistrate judge are not clearly erroneous or contrary to law. As there were no objections, the findings of the magistrate judge are affirmed and adopted and the plaintiff's motion to amend is denied.

4

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion to amend his complaint is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    April 9, 2014

>                    /s/ Frederick P. Stamp, Jr.
>                    FREDERICK P. STAMP, JR.
>                    UNITED STATES DISTRICT JUDGE