IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

    Plaintiff,

v.                                                 Civil Action No. 5:12CV155
                                                             (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON,
COUNTY OF OHIO, WEST VIRGINIA,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
TONI VANCAMP, *THE STATE JOURNAL*
and SUSAN HAMRICK
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING ORDER OF MAGISTRATE JUDGE
GRANTING DEFENDANT'S MOTION FOR ADDITIONAL TIME
TO COMPLETE PLAINTIFF'S DEPOSITION,
DENYING PLAINTIFF'S MOTION TO TERMINATE
OR LIMIT PLAINTIFF'S DEPOSITION AND
DIRECTING DEFENDANT TO FILE RESPONSE TO
PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO
COMPLETE DEFENDANT ZIMMERMAN'S DEPOSITION**

I.  Procedural History

On October 12, 2012, the pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

him of fair access to the courts.  The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985.  Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss. Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman").  This Court affirmed the magistrate judge's report and recommendations in its entirety, thus, the only remaining defendant in this action is Zimmerman.[2]

Pursuant to the magistrate judge's order, the plaintiff's deposition was taken on April 28, 2014.  ECF No. 203.  A notice continuing the deposition until May 8, 2014 was then filed on April 29, 2014.  ECF No. 204.  The parties disagreed, however, as to how long the May 8, 2014 deposition should take.  Thus, Zimmerman filed a motion for additional time to complete plaintiff's deposition and requested that the motion be expedited.  Soon after the filing of the defendant's motion, Magistrate Judge Seibert issued an order

---

[2]A complete history of this case is detailed in the memorandum opinion and order issued by this Court on July 1, 2013.  ECF No. 120.

2

granting the defendant's motion because the defendant had shown good cause to justify additional time to complete the plaintiff's deposition. On May 8, 2014, the date noticed for the plaintiff's continued deposition, plaintiff filed objections to the magistrate judge's order, a motion to terminate or limit his deposition, and a motion for additional time to complete Zimmerman's deposition and request for expedited consideration.

For the reasons that follow, this Court affirms and adopts the magistrate judge's order, denies the plaintiff's motion to terminate or limit his deposition, and directs the defendant to file a response to the plaintiff's motion for additional time to complete Zimmerman's deposition.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's

determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

### III. Discussion

A. Objections and Motion to Terminate or Limit Plaintiff's Deposition

In his motion for additional time to complete the plaintiff's deposition, Zimmerman stated that the defendant was only able to adduce about four hours and ten minutes of testimony on the record because (1) the plaintiff was evading and avoiding answering questions; (2) the court reporter began to experience pain in her hand and that a substitute court reporter had to be located which resulted in a forty-five minute recess; (3) a forty minute recess was taken for lunch; (4) there was significant time spent off the record to discuss the continuance of the plaintiff's deposition because the plaintiff had informed the defendant that the plaintiff had several errands he needed to run, one of which was before 5:00 p.m.; (5) there was significant time spent off the record authenticating and examining documents; and (6) the parties disagreed as to how the continued deposition should proceed. Thus, Zimmerman contended in his motion that he would be deprived of a full and fair opportunity to complete the plaintiff's deposition if limited to two hours and fifty minutes for the continued deposition. Finally, Zimmerman requested that the motion be considered in an expedited fashion as the motion was filed on April

30, 2014; the continued deposition was scheduled for May 8, 2014; and the dispositive motion deadline is May 19, 2014.

The magistrate judge found that pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 30(d), the defendant had shown good cause for an extension of the plaintiff's deposition time. Specifically, the magistrate judge considered the delay caused by acquiring a replacement reporter; the discussion by the parties of the continuance of the deposition because the plaintiff had to leave early; and the significant time spent by the parties examining and authenticating documents.

In his objections, the plaintiff asserts that the magistrate judge did not allow him sufficient time to oppose Zimmerman's motion and that the magistrate judge erroneously found that the plaintiff's deposition could exceed "1 day of 7 hours." Finally, in both his motion and objections, the plaintiff asserts that he "faithfully and consistently attended his deposition for Defendant and his counsel, inclusive of seven (7) hours, forty two (42) minutes . . . and exceed two (2) days . . . ." ECF Nos. 208, 210. Further, the plaintiff argues in his motion to terminate or limit his deposition that additional time to conduct his deposition has caused and will cause the plaintiff to be unreasonably annoyed, embarrassed, or oppressed by Zimmerman. The plaintiff asserts that the plaintiff's deposition has been a "fishing expedition" and that the defendant has threatened him with criminal charges.

5

Federal Rule of Civil Procedure 30 holds in pertinent part that:

> (1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Further, as the magistrate judge noted, the Advisory Committee Notes state that "the party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order." Fed. R. Civ. P. 30 advisory committee notes (2000 Amendment).

Additionally, the magistrate judge set forth, in his order, the following factors justifying good cause for an extension under Rule 30(d) which include instances where "the examination . . . cover[s] events occurring over a long period of time" and where "the witness will be questioned about numerous or lengthy documents." Id. A court must authorize extra time when the exam is impeded or delayed by the deponent or another person, or "by an 'other circumstance,' which might include a power outage, a health emergency, or other event." Id. These factors clearly applied to this action wherein the court reporter had to be replaced for a health emergency; the examination covered events occurring over a long period of time as this action has been going on since 2012 which is shown by the number of disclosures the plaintiff has provided thus far; and the parties had to examine and authenticate

numerous and lengthy documents during the deposition.  Thus, the magistrate judge was not clearly erroneous in finding that the defendant had shown good cause for granting additional time to complete the plaintiff's deposition.

As to the plaintiff's motion to terminate or limit his deposition, Rule 30 holds that:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Id.  In his motion, the plaintiff contends that the defendant has threatened the plaintiff with criminal charges and has conducted a "fishing expedition."  However, the plaintiff provides no evidence that such a threat was made.  It is likely that evidence would exist of such a threat given that depositions are resided over by a court reporter who would most likely report such threats and bad faith on the part of a party.  Further, given the numerous claims made by the plaintiff and the numerous witnesses disclosed by the plaintiff, it would be reasonable that the defendant would have several questions to ask the plaintiff and would need to cover several issues during a deposition.  This, however, is not a "fishing expedition" and the plaintiff has not provided any

7

examples of questions that should not have been posed to the plaintiff or that were outside of the realm of this litigation.

As no such evidence exists for either of the plaintiff's assertions, the plaintiff cannot show that his deposition was "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Id. Thus, his motion to terminate or limit his deposition is denied.

B. <u>Plaintiff's Motion for Additional Time to Complete Zimmerman's Deposition</u>

The plaintiff's motion for additional time to complete defendant Zimmerman's deposition appears to be a verbatim copy of the defendant's parallel motion that was filed on May 30, 2014. However, given that this Court has no other information to confirm or deny this belief, the Court cannot at this time consider the motion. As such, and given the plaintiff's request to expedite the motion, the defendant is directed to file an expedited response to the plaintiff's motion.

IV. <u>Conclusion</u>

Based on the analysis above, the magistrate judge's order granting the defendant's motion for additional time to complete the plaintiff's deposition and for expedited consideration is AFFIRMED and the plaintiff's objections thereto are OVERRULED. Further, the plaintiff's motion to terminate or limit his deposition is DENIED. Finally, the defendant is DIRECTED to file a response to the

plaintiff's motion for additional time to complete Zimmerman's deposition by **May 12, 2014 before 5:00 p.m.**

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and by certified mail to the pro se plaintiff.

DATED:   May 8, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE