IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

    Plaintiff,

v.                                    Civil Action No. 5:12CV155
                                                      (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON,
COUNTY OF OHIO, WEST VIRGINIA,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
TONI VANCAMP, *THE STATE JOURNAL*
and SUSAN HAMRICK
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME
TO COMPLETE DEFENDANT ZIMMERMAN'S DEPOSITION**

I.  Procedural History

On October 12, 2012, the pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive him of fair access to the courts. The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss. Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman"). This Court affirmed the magistrate judge's report and recommendations in its entirety, thus, the only remaining defendant in this action is Zimmerman.[2]

Pursuant to the magistrate judge's order, the plaintiff's deposition was taken on April 28, 2014. ECF No. 203. A notice continuing the deposition until May 8, 2014 was then filed on April 29, 2014. ECF No. 204. The parties disagreed, however, as to how long the May 8, 2014 deposition should take. Thus, Zimmerman filed a motion for additional time to complete plaintiff's deposition and requested that the motion be expedited. Soon after the filing of the defendant's motion, Magistrate Judge Seibert issued an order granting the defendant's motion because the defendant had shown good cause to justify additional time to complete the plaintiff's deposition. On May 8, 2014, the date noticed for the plaintiff's continued deposition, plaintiff filed objections to the magistrate judge's order, a motion to terminate or limit his deposition, and

---

[2]A complete history of this case is detailed in the memorandum opinion and order issued by this Court on July 1, 2013. ECF No. 120.

a motion for additional time to complete Zimmerman's deposition and request for expedited consideration.

This Court then affirmed and adopted the magistrate judge's order granting the defendant's motion for additional time to complete the plaintiff's deposition. However, this Court directed the defendant to respond to the plaintiff's motion for additional time to complete Zimmerman's deposition and directed that the defendant respond in an expedited fashion, per the plaintiff's request for expedited consideration. The defendant also filed the deposition transcript in further support of its opposition. As the defendant has now filed a response, the Court will now rule on the plaintiff's expedited motion.

For the reasons set forth below, this Court denies the plaintiff's motion for additional time to complete Zimmerman's deposition.

## II. Discussion

In his motion, the plaintiff argues that he should be allowed additional time to take Zimmerman's deposition because Zimmerman had requested to leave early because it was his day off from work. Further, the plaintiff states that Zimmerman had agreed to continue the deposition. Additionally, the plaintiff states that the court reporter had a "hunger pang" which required a recess and also that the parties spent significant time reviewing documents. As stated previously by this Court, the plaintiff's motion restated, almost verbatim, the arguments made in Zimmerman's motion to request

additional time to take the plaintiff's deposition.  Thus, this Court requested the defendant to respond.

Zimmerman then filed a response in opposition which painted a much different picture of the events that took place at the defendant's deposition.  Zimmerman avers that the deposition was adjourned because the plaintiff had no additional questions to ask, that Zimmerman had not requested that the deposition end early, and that Zimmerman had not agreed to a continuation of the deposition because the deposition was completed.  Further, Zimmerman contends that the plaintiff was able to extensively question Zimmerman about the one remaining claim in this action, whether or not Zimmerman leaked confidential information related to the plaintiff.  As such, the defendant requested that this Court deny the plaintiff's motion.

Federal Rule of Civil Procedure 30 holds in pertinent part that:

> (1) Duration.  Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Further, as the magistrate judge noted, the Advisory Committee Notes state that "the party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30 advisory committee notes (2000 Amendment).

Additionally, the following factors justifying good cause for an extension under Rule 30(d) include instances where "the examination . . . cover[s] events occurring over a long period of time" and where "the witness will be questioned about numerous or lengthy documents." Id. A court must authorize extra time when the exam is impeded or delayed by the deponent or another person, or "by an 'other circumstance,' which might include a power outage, a health emergency, or other event." Id.

This Court finds that the plaintiff has not shown good cause why he should be granted additional time to take Zimmerman's deposition. First, because there is only one remaining claim against Zimmerman, all matters that the plaintiff could have explored should have been taken care of in the initial deposition. E.E.O.C. v. Bardon, Inc., No. RWT 08CV1883, 2010 WL 1780126, *2 (D. Md. May 3, 2010) (denying request for additional deposition time because it would be "unnecessarily duplicative"). Second, a short recess for a "hunger pang" is not comparable to the forty-five minute recess that had to be taken to replace the court reporter during the plaintiff's deposition. See ECF No. 211 *4. Further, there was no evidence that such an incident involving the court reporter actually occurred during the defendant's deposition. See ECF No. 214.

Additionally, the parties disagree as to the unfolding of the events at Zimmerman's deposition and thus it would have been unclear whether any of the Rule 30(d) instances, recited above,

5

occurred. However, given the deposition transcript, this Court finds the defendant's version of events to be more accurate and thus finds that it is unlikely that any of the Rule 30(d) scenarios cited above occurred during the defendant's deposition. For example, as can be seen in the deposition transcript, Zimmerman did not ask to be excused early.[3] Also, Zimmerman did not agree to a

---

[3]The relevant testimony, occurring on pages 142 through 145 of the deposition transcript is as follows:

> MR. SOLOMON: Mr. Givens, I want you to finish your line of questioning, I don't want to intrude, but when it's convenient, I'd like a break at least. It doesn't have to be now, whenever it's convenient for you, but -- but before too long, if you would.
> MR. G. GIVENS: Yeah, we need to take a lunch, anyways. I think we can stop here, because I think this goes back into another line of questioning. We'll just go ahead and take a break. Did you want to -- what do you want to do? Do you want to take a lunch?
> THE REPORTER: Do you want to go off the record?
> MR. SOLOMON: Let's stay on, if you would. I don't need lunch. I don't need lunch, but I don't want to keep our court reporter here against her will, either. I don't know what you want to do, Mr. Givens.
> MR. G. GIVENS: I'm open to suggestions. Whatever you --
> MR. SOLOMON: I think it would be my preference to keep going and push through, but I'm not imposing that and hopefully get done sooner, but, you know, if we need to take lunch, we can take lunch.
> MR. G. GIVENS: Well, I -- what does Trooper Zimmerman want?
> THE WITNESS: Can I answer that?
> MR. SOLOMON: Absolutely.
> THE WITNESS: It's my day off. I'd like to get done as soon as possible. I've got other things to do.
> MR. SOLOMON: But again, we're not imposing that. That's just our preference.
> MR. G. GIVENS: Well, I mean, do you want me to take a break so I can change the tape, at least?
> MR. SOLOMON: Well, I mean, I think you need to do that, sure. Absolutely.
> MR. G. GIVENS: No objection to that?
> MR. SOLOMON: No. And we don't object to taking lunch,

continuance of the deposition.[4]  Finally, defense counsel and

---

>    either.  I'm just saying what our preference is.  We're
>    not saying we can't take lunch.
>    MR. G. GIVENS:  No, I understand.
>    MR. SOLOMON:  Just making sure.
>    MR. G. GIVENS:  I'm just -- I don't want you to be -- I'm
>    not trying to make you feel uncomfortable in any way.
>    MR. SOLOMON:  No, no, I understand.  And we should
>    probably consult with our court reporter when we go off
>    the record to make sure she is okay, too.
>    MR. G. GIVENS:  I don't know if the court reporter wants
>    a lunch.
>    THE REPORTER:  I'm okay with whatever you guys do.
>    MR. G. GIVENS:  If you want to take a lunch, it's -- I
>    mean, I'll go along with it.  I'll leave it up to you,
>    then.
>    MR. SOLOMON:  Well, we're going to at least go off the
>    record to change the tape, then.
>    MR. G. GIVENS:  Yes.  Let's do that.  The time is 12:57
>    p.m.  We're going off the record.

Zimmerman Dep. 142-145, May 1, 2014.

[4]As shown below, Givens stated at the end of the deposition, that he had no further questions:

>    MR. G. GIVENS:  That's all I have.
>    MR. SOLOMON:  No follow-up.  He'll read and sign.
>    THE REPORTER:  Are we going off the record?
>    MR. G. GIVENS:  Do we need to restate anything, Mr.
>    Solomon?
>    MR. SOLOMON:  I don't have anything to add except that
>    I'd ask that you show me exactly where you've previously
>    provided me with a copy of Exhibit D.  Other than that,
>    I don't have anything that I feel needs to be added or,
>    you know, put on the record for the transcript.  So, I'll
>    reiterate my requests there.
>    MR. G. GIVENS:  I'll just restate what I've stated
>    before, based upon your attorney's objections and any
>    purview of the court, Trooper Zimmerman, you're subject
>    to be called back to answer further questions.  Thank you
>    for your attendance today and have a great day.
>    MR. SOLOMON:  I have the same response to that I did
>    before.  I won't bother to restate it.
>    MR. G. GIVENS:  We're off the record. This concludes the
>    deposition of Trooper Zimmerman for May 1st, 2014.  The
>    time is 3:51 p.m.

7

Zimmerman were accommodating to the defendant and to the introduction of documents that had not previously been reviewed by the defendant, a far cry from the plaintiff's assertions that the defendant was evasive at the deposition.[5]  Given the deposition

---

Zimmerman Dep. 284-85.

> Additionally, it is clear from the following that the defendant did not agree to a continuation of the deposition:
>
> > MR. G. GIVENS: Okay. I will restate this, and I don't know how Mr. Solomon restated it the last time in my deposition a few days ago, but I'm going to reserve my right subject to -- for you, Trooper Zimmerman, to be called back in for any further questions as the court will allow. I'm in the process of going to conclude this deposition for today. And I would reserve any right pertaining to any privilege or any kind of request or motion or pleading that your attorneys would have in regard to -- subject to my re-call on my deposition. I will reserve that right for your re-call for your deposition to ask to be called back to answer further questions.
> > MR. SOLOMON: And he is here today. He is available to you to ask any questions you have. Unless there is, you know, a legitimate reason why you think he would need to be called back, I mean, I'm not agreeing that he can be. If you have a reason you think he needs to, you know, you can address that, you can make that request and we can deal with that, but I'm not agreeing to that at this point in time. You know, I don't think there is a reason to. He is here. You can ask him, you know, the questions that you want to ask him. And, you know, that's my response to that. So, I'm not agreeing that you're able to call him back, but if you have a reason why you should be able to, you will let me know and I'm sure we can work through that or, if necessary, you'll file a motion.
> > MR. G. GIVENS: Sounds fine to me.
>
> Zimmerman Dep. 262-64.

[5]The following excerpt provides an example of this:

> MR. SOLOMON: Before you ask him any questions on these

8

transcript, the plaintiff's version of Zimmerman's deposition is not upheld. Accordingly, this Court must deny the plaintiff's motion for additional time to complete Zimmerman's deposition.

### III. <u>Conclusion</u>

For the reasons described above, the plaintiff's motion for additional time to complete the defendant's deposition is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

---

documents, I have an objection and that is that I asked you specifically in discovery for all documents that you believed supported your case. You did not produce those documents to me. Now, we're here in a deposition, if I'm wrong that you produced them to me, I'd like you to show me where, but we're here for Trooper Zimmerman's deposition. I'm going to let you proceed and ask the questions about them, but I'm objecting to the entire portion of the deposition that relates to those documents because you didn't produce them to me, Mr. Givens. Now if I'm wrong about that, I'd like you to show me where and we can deal with that, but I want you to know my objections before you proceed in questioning him on that. Now, I'm not telling you you (*sic*) can't question him on them. In fact, I suggest that you do so. But, you also should know that I'm going to be strenuously objecting because I don't believe I've ever seen those before and you would have on obligation in discovery to produce those to me if you intend to use them to support your case. That's my objection. Please proceed as you deem fit.
MR. G. GIVENS: Okay.

Zimmerman Dep. 149-51.

DATED:      May 13, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE