IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

    Plaintiff,

v.                                                         Civil Action No. 5:12-cv-155

SCOTT R. SMITH, et al.,

    Defendants.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED & ORDER ON PENDING NON-DISPOSITIVE MOTIONS

### *I. INTRODUCTION*

    A complete history of this case is detailed in the Memorandum Opinion and Order issued by Judge Stamp on July 1, 2013.[1] As a result of that Order, all but one of the fifteen original Defendants were dismissed from the case. Only Defendant Zimmerman remains as a Defendant. Currently, there are several motions pending before the Court.

### *II. DISCUSSION*

#### *A. Plaintiff's Motion for Judicial Notice of Objections and Evidence in USDC Case Nos. 5:12-cv-149 and 5:12-cv-145 (Doc. 221)*

    In his motion, Plaintiff asks the Court to take judicial notice of the multitude of pleadings and filings in Dennis Givens's and Carol Pizzuto's cases in deciding whether to grant summary judgment. The Court is "not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts

---

[1] Dkt. No. 120.

that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989). Likewise, the Court will not ferret through the record in other cases looking for evidence of a factual dispute. As it has done throughout this case, the Court will continue to grant the *pro se* Plaintiff as much deference as possible in interpreting and analyzing his often cryptic memoranda. However, for the above stated reasons, Plaintiff's Motion to Take Judicial Notice of Objections and Evidence in USDC Case Nos. 5:12-cv-145 and 5:12-cv-145 is **DENIED**.

***B. Plaintiff's Motion for Judicial Notice of Transcript Correction (Doc. 224)***

In his motion, Plaintiff asks the Court to take judicial notice of a letter that he sent to Judge Stamp alleging that he will be meeting with a court reporter to correct his deposition transcript. It appears to the undersigned that Plaintiff is simply trying to introduce additional evidence outside of the time frame allotted for him to respond to Defendant's summary judgment motion. To the extent Plaintiff is asking the Court to take judicial notice of the unsupported factual allegations and inferences in the letter, the Court declines. As it has done throughout this case, the Court will continue to grant the *pro se* Plaintiff as much deference as possible in interpreting and analyzing his often cryptic memoranda. However, for the above stated reasons, Plaintiff's Motion to Take Judicial Notice of Transcript Correction is **DENIED**.

***C. Defendant's Motion for Summary Judgment (Doc. 217) & Plaintiff's Memorandum in Opposition (Doc. 222)***

Under Federal Rule of Civil Procedure 56, the Court shall grant a motion for summary judgment if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden then shifts to the non-moving party

to come forward with facts sufficient to create a triable issue of fact." *Anderson*, 477 U.S. at 247-48. The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Id*. In making this determination, the court views all underlying facts and inferences in the light most favorable to the nonmoving party. *Id*. However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. Thus, "pure speculation and unsupported assertions [will not] suffice to create a genuine issue of material fact; the nonmoving party, to defeat summary judgment, must come forward with affidavits, interrogatories, depositions, and or other admissible evidence demonstrating the existence of a genuine issue of material fact." *Blankenship v. Warren County Sheriff's Dept.*, 939 F.Supp.451, 456 (W.D.Va. 1996); *see also* Fed.R.Civ.P. 56(c). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Plaintiff's original complaint, brought pursuant to 42 U.S.C. § 1983, alleged various civil rights violations against numerous defendants.[2] However, this Court dismissed all of the claims against all of the defendants, except for one claim against this Defendant, which was based on an allegation in Count III of the complaint that Defendant, "in conspiracy with Defendant Gamble, leaked internal investigative forensic reports supplied in confidence to the West Virginia State police officer Weaver, to foster favor and provide advantage to eventually criminally indicted to affect the course of justice in favor of Defendant Keith C. Gamble, under color of law, and in violation of Plaintiff's Federal and state civil and constitutional rights and privileges named herein."[3] Although

---

[2] Dkt. No. 1.

[3] Dkt. No. 120, p. 14-16.

the Court allowed this claim against Defendant to move forward, despite the vagueness of the allegation, because of the deference due to a *pro se* Plaintiff; in order to prevail on this § 1983 claim, Plaintiff must show that Defendant, acting under color of state law, deprived him of "a right secured by the Constitution and laws of the United States." Although Plaintiff devotes a considerable portion of his opposition brief on the question of whether Defendant was acting under color of state law, there does not seem to be any dispute that Defendant was a state actor at all times relevant to the allegations in the complaint. The question then is whether Plaintiff can prove an underlying constitutional violation caused by Defendant's alleged leak of information. After thoroughly reviewing the record, and showing as much deference as possible to the *pro se* Plaintiff, it appears to the Court that Plaintiff is alleging that Defendant leaked a confidential document to Mr. Gamble in order to give Mr. Gamble leverage against Plaintiff in a pending civil suit ("the State Case") in which Mr. Gamble was named as a defendant, which violated Defendant's right to privacy and his right of access to the courts.

"The right to privacy consists of two inter-related strands; one protects an individual's interest in avoiding disclosure of personal matters (the confidentiality strand) and the other protects an individual's interest in making certain personal decisions free of government interference (the autonomy strand)." *Cantu v. Rocha*, 77 F.3d 795, 806 (5th Cir. 1996). "In the context of government disclosure of personal matters, an individual's right to privacy is violated if: (1) the person had a legitimate expectation of privacy; and (2) that privacy interest outweighs the public need for disclosure." *Id*. "The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." *Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir. 1990). Defendant asserts that there is no genuine issue of material fact supporting Plaintiff's claim because the documents Defendant allegedly leaked were not confidential, nor did they even relate

to Plaintiff. Thus, Defendant argues, the uncontroverted evidence shows that Defendant had no expectation of privacy in the documents, and, even if they did contain confidential information, Mr. Gamble was entitled to see them. The Court agrees.

After reviewing the deposition transcripts, and the record as a whole, the undersigned concludes that the only documents Defendant allegedly "leaked" to Mr. Gamble contained no constitutionally protected information, nor were the documents themselves confidential. Plaintiff alternatively claimed in various pleadings and throughout his deposition testimony that Defendant leaked the following documents: (1) a green certified mail receipt with his name and address on it; (2) Defendant's own investigative reports concerning complaints *against Mr. Gamble* filed by Ms. Pizzuot and Dennis Givens; (3) a document with Plaintiff's insurance policy number; (4) an expert report; and (5) the cover sheet of a deposition transcript. The Court finds that the documents Defendant is alleged to have leaked clearly do not contain the type of intimate and personal information for which there is a constitutionally protected right of privacy, such as financial or business information. *See Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir.1990) (differentiating between protected and non-protected types of information). Moreover, almost every document Plaintiff mentions is already part of the public record or is a document that Defendant had a right, if not a duty, to show to Mr. Gamble during the course of his criminal investigation. *See Cantu v. Rocha*, 77 F.3d 795, 806 (5th Cir. 1996). Finally, even assuming an allegedly "leaked" document contained any confidential information, "[t]here is no invasion of privacy when the material disclosed was already known to the recipient."*Cantu v. Rocha*, 77 F.3d 795, 806 (5th Cir. 1996). Plaintiff "cannot claim that his privacy has been invaded when allegedly private materials have been disclosed to those who already know the details of that material."*Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.). The evidence overwhelmingly shows that Mr. Gamble already had

access to the information within the documents, and the actual documents themselves, long before Zimmerman allegedly "leaked" them to Defendant. Simply put, Plaintiff points to no confidential information or document that could sufficiently sustain a privacy claim.

To sustain an access to the courts claim, Plaintiff must show that Defendant "engage[d] in pre-filing actions which effectively cover[ed]-up evidence and actually render[ed] any state court remedies ineffective." *Pollard v. Pollard*, 325 F. App'x 270, 272 (4th Cir. 2009). It is not enough for Plaintiff to "merely guess that a state court remedy will be ineffective because of a defendant's actions...[rather, he] must demonstrate that the defendants' actions foreclosed [him] from filing suit in state court or rendered ineffective any state court remedy [he] previously may have had." *Id*. Defendant contends that there is no evidence that his actions covered up evidence and rendered Plaintiff's state court remedies ineffective. Plaintiff does not come forward with any evidence on this issue, other than vague and unsupported allegations about being too scared to report crimes after his treatment by Defendant, and other law enforcement. The Court agrees that there is no genuine dispute about whether Defendant's actions foreclosed Plaintiff from filing suit in state court or rendered ineffective any state court remedy he previously may have had. In fact, the overwhelming evidence shows that Plaintiff, and his family, enjoyed so much access to the courts after Defendant's alleged leak to Mr. Gamble that they are now under pre-filing restrictions in several courts.

Plaintiff comes forth with no evidence showing that a factual dispute exists as to either of his claims. Instead, Plaintiff makes fantastic, and unsupported, allegations in his response brief about secret codes between him and a forensic examiner that Defendant leaked to Mr. Gamble. In an attempt to counter the clear evidence showing that none of the allegedly leaked documents are confidential, Plaintiff seeks to rewrite the deposition testimony to fit his needs, by dropping and adding words, and, in some case, complete sentences. However, despite his capitalized assertions

that there are numerous other confidential documents out there that he will reveal to everyone once he gets to trial, Plaintiff utterly fails to offer any proof. Plaintiff attaches over ninety pages of affidavits and self-written letters, which purport to "prove" the incredible, and unbelievable, claims in his opposition brief. These unsupported, conclusory statements and allegations are simply not sufficient to overcome summary judgment. *Levine v. Smithtown Cent. Sch. Dist.*, 565 F. Supp. 2d 407, 419-20 (E.D.N.Y. 2008) ("The non-movant must present more than a "scintilla of evidence," or "some metaphysical doubt as to the material facts," and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible.") (internal citations omitted). "[P]laintiff's bald assertion that defendants' evidence is fabricated does not create a triable issue unless plaintiff produces competent evidence that contradicts defendants' exhibits." *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 354 (D. Md. 2011); *see also Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."). As one court put it: "Questions of this general sort often arise in cases where the party resisting summary judgment can muster no competent evidence to avoid it, yet wants to get to a jury in the hopes that the jury will disbelieve the evidence that the summary judgment movant has adduced." *Wilson v. Clancy*, 747 F.Supp. 1154, 1158 (D.Md.1990); *see also see Scott v. Harris*, 550 U.S. 372, 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Simply put, "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting

versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946 (4th Cir. 1984).

In sum, despite the wide latitude given by this Court and an ample opportunity to present some evidence in support of his vague allegations against Defendant, Plaintiff has not met his burden of showing that a genuine issue of fact exists such that this case should proceed any further to trial. The undersigned concludes, after a very careful and thorough review of the record, that this case is meritless and recommends that Defendant's Motion for Summary Judgement be **GRANTED**.

### III. CONCLUSION & RECOMMENDATION

(1) Plaintiff's Motion for Judicial Notice of Objections and Evidence in USDC Case Nos. 5:12-cv-149 and 5:12-cv-145 (Doc. 221) is **DENIED**.

(2) Plaintiff's Motion for Judicial Notice of Transcript Correction (Doc. 224) is **DENIED**.

(3) The undersigned recommends that Defendant's Motion for Summary Judgment (Doc. 217) be **GRANTED**.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se*, certified mail return receipt requested, and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: August 8, 2014     /s/ *James E. Seibert*
                                                            JAMES E. SEIBERT
                                                            UNITED STATES MAGISTRATE JUDGE