IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG P. GIVENS,

    Plaintiff,

v.                                                 Civil Action No. 5:12CV155
                                                                          (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER D.L. ROBINSON,
COUNTY OF OHIO, WEST VIRGINIA,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON,
KENNETH W. BLAKE, JULIE L. KREEFER,
TONI VANCAMP, *THE STATE JOURNAL*
and SUSAN HAMRICK
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRMING MAGISTRATE JUDGE ORDER DENYING
PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE**

I.   Procedural History

On October 12, 2012, the pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive him of fair access to the courts. The plaintiff's complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

§ 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss. Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer S.A. Zimmerman ("Zimmerman"). This Court affirmed the magistrate judge's report and recommendations in its entirety, thus, the only remaining defendant in this action is Zimmerman.[2]

Defendant Zimmerman then filed a motion for summary judgment. Thereafter, the plaintiff filed two motions for judicial notice. The summary judgment motion was then fully briefed. A report and recommendation was issued by Magistrate Judge Seibert recommending that this Court grant defendant Zimmerman's motion for summary judgment and denying the plaintiff's motions for judicial notice. This Court then entered an order amending the scheduling order so as to provide the parties with sufficient time to file objections to the report and recommendation if they found it necessary to do so. The plaintiff filed timely objections to the report and recommendation, which included the magistrate judge's order as to the plaintiff's judicial notice motions. Further, the plaintiff has filed objections to this Court's amended scheduling order.

---

[2]A complete history of this case is detailed in the memorandum opinion and order issued by this Court on July 1, 2013. ECF No. 120.

2

## II. Facts

Defendant Zimmerman's motion for summary judgment asserts that there is no genuine issue of material fact supporting the plaintiff's claim that defendant Zimmerman leaked confidential documents to Mr. Keith Gamble ("Gamble") in order to provide leverage to him in a civil suit. Defendant Zimmerman argues that the documents allegedly leaked were not confidential nor did they relate to the plaintiff. Thus, defendant Zimmerman contends, the plaintiff had no expectation of privacy in those documents.

The magistrate judge agreed with defendant Zimmerman in his report and recommendation, finding that the documents allegedly leaked were not constitutionally protected. Those documents were: (1) a certified mail receipt, (2) defendant's own investigative reports concerning complaints by Carol L. Gray Pizzuto ("Pizzuto") and Dennis Givens against Gamble, (3) a document with plaintiff's insurance policy number, (4) an expert report, and (5) the cover sheet of a deposition transcript. Further, the magistrate judge noted that almost every document is already part of the public record or is a document that defendant Zimmerman had a right to show Gamble. Additionally, the magistrate judge found that Gamble already had knowledge of the information contained in those documents and thus the information was not confidential.

The magistrate judge also found that the plaintiff had not been denied access to the state court. On the contrary, the magistrate judge noted that the plaintiff enjoyed so much access

3

that he was eventually put under pre-filing restrictions. Further, the magistrate judge found that the plaintiff has not provided any evidence that is actually based in reality to support his claim–and has been unwilling to reveal some of the evidence until trial.

Further, the plaintiff had, at the time of the report and recommendation, two motions pending. Both motions were for this Court to take judicial notice. The first was denied as the magistrate judge found it to be too cryptic and that the motion did not provide enough guidance for the Court to act on. The second was denied as the magistrate judge found that the plaintiff was simply trying to introduce additional evidence outside of the time frame allowed for his response to defendant Zimmerman's motion for summary judgment.

The plaintiff then filed objections. The plaintiff contends that the magistrate judge failed to consider the indictments filed against Gamble and an exchange which occurred during an interview of Gamble by defendant Zimmerman, when there was a blackout. The plaintiff also argues that the magistrate judge cannot claim that certain things did not occur during the deposition of Zimmerman because the magistrate judge was not there. The plaintiff contends that the magistrate judge incorrectly found that the plaintiff's claims were limited to leaked information and also incorrectly relied on defendant Zimmerman's assertions that the plaintiff admitted that defendant Zimmerman did not commit certain actions that were complained of in the plaintiff's complaint. The

4

plaintiff further attaches, in his exhibits, a complaint of judicial misconduct against Magistrate Judge Seibert that he filed with the United States Court of Appeals for the Fourth Circuit.

The plaintiff has also filed objections to this Court's amended scheduling order. The plaintiff generally asserts that the deadlines should not have been reset and that the extension of deadlines caused "unnecessary delay."

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

A. Motion for Summary Judgment

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The plaintiff has filed objections and this Court will review the portions of the magistrate judge's report and recommendations with which these objections take issue de novo. All portions of the report and recommendations to which the plaintiff has not objected are reviewed for clear error.

B. Nondispositive Pretrial Motions

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

III. Discussion

A. Motion for Summary Judgment

1. Applicable Law

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party

6

opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

Further, summary judgment is generally appropriate only after adequate time for discovery. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5. However, "great weight [is placed] on the [Federal Rule of Civil Procedure] Rule [56(d)] affidavit, believing that a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirements of Rule [56(d)] to set out reasons for the need for discovery in an

7

affidavit." Evans, 80 F.3d at 961. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    2.   <u>The Plaintiff's Objections</u>

As stated previously, the plaintiff has filed objections to the magistrate judge's recommendation that this Court grant summary judgment. The plaintiff contends that the magistrate judge failed to consider the criminal indictments filed against Gamble and an alleged exchange of documents which occurred when there was a blackout during an interview of Gamble by defendant Zimmerman. The plaintiff also argues that the magistrate judge cannot claim that certain things did not occur during the deposition of defendant Zimmerman because the magistrate judge was not there. The plaintiff further asserts that the magistrate judge incorrectly found that the plaintiff's claims were limited to leaked information and also incorrectly relied on defendant Zimmerman's assertions that the plaintiff admitted that defendant Zimmerman did not commit certain actions that were complained of in the plaintiff's complaint. The plaintiff further attaches, in his exhibits, a complaint of judicial misconduct against the magistrate judge that he filed with the Fourth Circuit.

As the magistrate judge noted, because several motions to dismiss have been granted in this action, the plaintiff was only allowed to proceed on a limited claim against defendant Zimmerman.

That claim alleges that defendant Zimmerman leaked a confidential document to Gamble in order to give Gamble leverage against the plaintiff in a pending civil suit. A limiting of the allegations in this action can be seen throughout this Court's orders and the magistrate judge's orders. Thus, it is disingenuous for the plaintiff to now argue that other claims are still in play in this action.

As such, as to the plaintiff's claim against the remaining defendant Zimmerman, this Court finds that summary judgment should be granted. First, in order for the plaintiff's claim to survive, he had to show that he had a legitimate expectation of privacy in the document that was allegedly wrongfully disclosed and that the privacy interest outweighed the public need for disclosure. Cantu v. Rocha, 77 F.3d 795, 806 (5th Cir. 1996). The documents allegedly disclosed were: (1) a certified mail receipt, (2) defendant's own investigative reports concerning complaints by Pizzuto and Dennis Givens against Gamble, (3) a document with the plaintiff's insurance policy number, (4) an expert report, and (5) the cover sheet of a deposition transcript.

The documents listed above are not those to which the plaintiff had a legitimate expectation of privacy. All such documents were those that were either part of the public record or a document that defendant Zimmerman had a right to show Gamble during the course of the criminal investigation. Further, Gamble was already aware of these documents as he had access to those

documents before the alleged disclosure by defendant Zimmerman. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994) ("[A party] cannot claim that his privacy has been invaded when allegedly private materials have been disclosed to those who already know the details of that material."). Because the plaintiff did not have an expectation of privacy in those documents his objections as to the magistrate judge's consideration of how those documents were disclosed are without merit. Further, his objections as to what occurred at the deposition are without merit as that does not change the fact that he is not entitled to constitutional protection for those documents.

Finally, this Court finds that defendant Zimmerman's actions did not bar the plaintiff's access to the courts. The plaintiff was required to show "that the defendant['s] actions foreclosed [him] from filing suit in state court or rendered ineffective any state court remedy [he] previously may have had." Pollard v. Pollard, 325 F. App'x 270, 272 (4th Cir. 2009). The plaintiff has had several opportunities to bring claims against numerous defendants involved in the same factual circumstances as this case. Moreover, he is now under pre-filing restrictions in several courts, including this Court, because he has enjoyed so much access to the courts. Accordingly, this Court finds that the plaintiff has not set forth any evidence that defendant Zimmerman's actions were the impetus for a valid access to the courts claim.

Accordingly, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety as the plaintiff has not "come forward with facts sufficient to create a triable issue of fact" in this case and summary judgment must be granted. Temkin, 945 F.2d at 718.

B.  Plaintiff's Nondispositive Motions

Although the plaintiff titles his objections with a reference to a motion for leave to amend, a motion for leave to amend was not pending and was thus not addressed in the magistrate judge's report and recommendation. This Court has already denied plaintiff's motion to amend, affirming a previous report and recommendation to which the plaintiff had not objected. As such, the plaintiff's objections are untimely and moot.

The plaintiff also objects to the magistrate judge's order denying the plaintiff's motion for judicial notice of objections and evidence in USDC Case Nos. 5:12-CV-149 and 5:12-CV-145 and the plaintiff's motion for judicial notice of transcript correction. The first of the judicial notice motions was denied as the magistrate judge found it to be too cryptic and that the motion did not provide enough guidance for the Court to act upon. The second was denied as the magistrate judge found that the plaintiff was simply trying to introduce additional evidence outside of the time frame allowed for his response to defendant Zimmerman's motion for summary judgment.

The magistrate judge's finding as to these two notices is not clearly erroneous or contrary law. Further, it is unclear if the plaintiff's objections even address the magistrate judge's findings as to these motions. However, in an abundance of caution, this Court has reviewed the magistrate judge's order and finds that this Court is in agreement with the magistrate judge. The plaintiff's first motion is simply too broad and does not provide enough guidance for this Court to act upon. Further, the second judicial notice motion provides information outside of the scope of evidence that this Court must consider as it is an untimely attempt to bolster the plaintiff's claims in opposition to defendant Zimmerman's motion for summary judgment. Accordingly, the plaintiff's objections are overruled as to the nondispositive motions and the magistrate judge's findings are affirmed.

C. <u>Plaintiff's Objections to the Amended Scheduling Order</u>

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause . . . ." In his objections to the amended scheduling order, the plaintiff asserts that the amended scheduling order caused "unnecessary delay." However, the plaintiff does not set forth any contentions as to how good cause was not shown or how the plaintiff may have been unfairly prejudiced by the extension of deadlines. On the contrary, this Court entered an amended scheduling order for the benefit of the parties so that they would have sufficient time to consider objecting to the report and recommendation. Thus, this

Court did so for good cause. As such, the plaintiff's objections to the amended scheduling order are overruled.

IV. Conclusion

Based on the above, the report and recommendation of the magistrate judge (ECF No. 233) is AFFIRMED and ADOPTED and the plaintiff's objections thereto are OVERRULED. Further, the order of the magistrate judge as to the nondispositive motions is AFFIRMED and the plaintiff's objections thereto are OVERRULED. Thus, the plaintiff's motions for judicial notice (ECF Nos. 221 and 224) are DENIED. Finally, the plaintiff's objections to this Court's amended scheduling order are OVERRULED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and by certified mail to the pro se plaintiff. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      August 27, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE